**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL NO. 1:05CR201-1**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **VS.** ) | **O R D E R** |
| ) | |
| ) | |
| **RICHARD DANIEL CROWDER** ) | |

**THIS MATTER** came before the Court for sentencing on April 25, 2006, at which time a further status of counsel hearing was held.

The Defendant was charged on May 26, 2005, with one count of conspiracy to possess with intent to distribute cocaine base and cocaine. **Bill of Indictment, filed May 26, 2005.** At the time of his arrest on May 18, 2005, the Defendant requested and received court appointed counsel, Reid Brown. On June 27, 2005, the Defendant filed a plea agreement which was signed by a different attorney, Albert Neal (Neal). **Plea Agreement, filed June 27, 2005.** The plea agreement provides that the Defendant was aware of the involvement of the conspiracy with at least 50 grams but less than 150 grams of cocaine base, exposing him to a

mandatory minimum sentence of 10 years imprisonment. *Id.,* **at 2.** The records of the Clerk of Court show that on June 28, 2005, the Defendant appeared with Neal as privately retained counsel for a Rule 11 hearing. At that time, Neal made a general appearance which was noted by the Magistrate Judge. The Magistrate Judge orally ordered Neal to file a general notice of appearance on or before July 8, 2005. On July 3, 2005, the Magistrate Judge reduced his oral order to writing, allowing the court appointed counsel to withdraw from the case and ordering Neal to "file written notice of his general appearance as attorney for the defendant in the above entitled matter . . . on or before July 8, 2005." **Order, filed July 3, 2005.** Neal has not filed such an appearance to date.

On January 20, 2006, the Defendant's presentence report was completed and a copy was provided to the Defendant and his attorney, Neal. The Defendant's sentencing hearing was scheduled for Tuesday, April 25, 2006. On March 31, 2006, the Court received a letter from the Defendant in which he complained that he had called and written his attorney numerous times in an attempt to arrange a meeting and had been unable to meet with him. **Letter, filed March 31, 2006.** The Defendant also complained that his attorney had not reviewed the presentence report

with him or made any objections thereto. *Id.* As a result of the letter, the undersigned conducted a status of counsel hearing on April 7, 2006, at which time the Court allowed both the Defendant and Neal to address the Court. **Order, filed April 10, 2006.** "The Court also afforded Defendant and his counsel time to discuss privately whether or not their attorney-client relationship should continue." *Id.* The Court entered the following Order:

> [O]n or before April 17, 2006, the Defendant, Mr. Neal and/or [the Defendant's] new retained counsel, shall inform the Court of the status of the presentence report and the plea agreement entered herein, the status of [Defendant's] counsel, and whether or not a motion to withdraw his guilty plea will be filed. The Defendant and his counsel have been advised that should a motion to withdraw his guilty plea be allowed by the Court, the government proposes to schedule the case to be called as the first case for trial during the Court's May 1, 2006, criminal term.

*Id.* The order reiterated the same instructions given to counsel during the hearing.

Neal did not file any notice with the Court before, on or after April 17, 2006. In an attempt to ascertain the status of the matter, a member of the Court's staff telephoned Neal on two separate occasions during the week of April 17, 2006. On both occasions, messages were left on voice mail. On Friday, April 21, 2006, the Court instructed U.S. Probation Officer

Dwayne Capps to make telephonic contact with the Defendant to ascertain whether he had met with Neal. The Defendant advised Capps that he had not met with Neal, that he wished to obtain a refund of the retainer paid to Neal, and that he wanted a different attorney. By Monday, April 24, 2006, the Court still had not received a telephone call or other message from Neal in response to the messages left on his voice mail. The Court determined to go forward on April 25, 2006, with a hearing with the Defendant although it was clear that sentencing could not occur.

On April 25, 2006, at approximately 12:00 PM, Neal telephoned the undersigned's chambers claiming that he had never received a copy of the April 10, 2006, Order. He did not claim ignorance of the contents thereof, a claim which would have been futile in view of the fact that the Court orally stated the contents of that order on the record during the April 7, 2006, hearing. Neal was advised to appear before the Court at 4:00 PM that afternoon as scheduled.

At the hearing on April 25, 2006, the Court addressed both counsel and the Defendant and gave each an opportunity to be heard. Neal gave a lengthy recitation of various reasons for failing to attend to this case, including claims of a brief illness and a busy state court schedule. The

Defendant also made a statement about Neal's failure to contact or meet with him. Neal in fact admitted that the first time he reviewed the presentence report with the Defendant was just prior to the hearing on April 25, 2006. The Defendant also gave a detailed explanation of reasons why he feels the retainer of $3,000 paid by him should be returned. Neal countered that the Defendant's family had promised to pay a $5,000 retainer but had only made payment of $2,200.

    This hearing was the second time the Court was obligated to conduct a status of counsel hearing in this matter due to counsel's admitted failure to attend to the Defendant's case. It is the view of the Court that counsel has not adequately represented his client's best interests. While it may be that the plea agreement itself was an adequate representation, counsel has been completely absent from representation since the Rule 11 hearing. The Defendant was entitled to understand the ramifications of that agreement, the possibility for cooperation with the Government and the contents of his presentence report. The Defendant has advised the Court that the presentence report contains information which he sought to correct or challenge. However, counsel admitted that he did not even

review the presence report with the Defendant until just prior to the hearing on April 25, 2006. And, no objections thereto have been made.

This Court clearly has the authority to allow a defendant to discharge his retained counsel during an ongoing case. **United States v. Jones, 381 F.3d 114, 118-19 (2d Cir. 2004), *cert. denied*, 543 U.S. 1072 (2005) ("The disqualification issue therefore implicates not only the accused's right to counsel, but also the interests of the judiciary in preserving the integrity of its processes, and the government's interest in ensuring a fair trial and a just verdict.").** Here, the Defendant has requested that relief and has advised the Court that he will either retain new counsel or submit a financial affidavit in support of court appointed counsel. The Defendant has also requested the refund of his retainer. This Court has ancillary jurisdiction over attorney fees' disputes occurring during an ongoing criminal case. **Garcia v. Teitler, __ F.3d __, 2006 WL 751368, *6 (2d Cir. 2006).** "[T]he record reflects that [the Defendant is] of limited means and that the funds paid to [Neal] may be needed to pay [his] new counsel." *Id.* The Court, therefore, finds that it may entertain the request for the refund of counsel fees ancillary to criminal litigation pending before it. **See, e.g., Federal Savings & Loan**

*Ass'n v. Ferrante*, 364 F.3d 1037, 1040-41 (9th Cir. 2004) (citing *American Fed'n of Tobacco-Growers v. Allen*, 186 F.2d 590, 592 (4th Cir. 1951)). In furtherance thereof, the following order is entered.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for leave to discharge his retained counsel is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that on or before May 12, 2006, the Defendant shall notify the Court in writing of the name of the newly retained attorney who has agreed to represent him. If counsel has been retained, he or she must immediately file a notice of general appearance in the action. In the alternative, on or before May 12, 2006, the Defendant shall file with the Court an affidavit of indigency and a request for court appointed counsel. The Clerk of Court is directed to send the Defendant the appropriate form for this purpose with a copy of this Order.

**IT IS FURTHER ORDERED** that on or before May 12, 2006, the Defendant or his family shall file with the Court proof of payments of $3,000 to Albert Neal as a retainer for his services.

**IT IS FURTHER ORDERED** that on or before May 2, 2006, Albert Neal shall file with the Court proof of payments to him of $2,200 for the retainer by either the Defendant or his family.

**IT IS FURTHER ORDERED** that on or before May 2, 2006, Albert Neal shall file with the Court an itemized statement showing the services rendered to the Defendant, the dates on which such services were rendered, the hourly rate charged by Albert Neal for each of the services rendered, and a copy of the retainer agreement executed between the Defendant and Albert Neal.

The Clerk of Court is instructed to send a copy of this Order to the Defendant where he is presently incarcerated by first class mail; to Albert Neal by certified mail, return receipt requested; and shall transmit a copy of this Order to the United States Attorney electronically.

**IT IS FURTHER ORDERED** that the Defendant's sentencing is hereby continued until further order of the Court.

        Signed: April 27, 2006

        Lacy H. Thornburg
        United States District Judge