IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:05CR201

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | **O R D E R** |
| | ) | |
| RICHARD DANIEL CROWDER | ) | |

**THIS MATTER** is before the Court on Defendant's motion for reconsideration of the denial of his motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). Defendant moved the Court to reduce his sentence pursuant to Amendment 706 of the Guidelines regarding crack cocaine offenses and the Court denied his motion. **See Defendant's Motion to Reduce Sentence, filed March 31, 2008;** *see also***, Order, filed May 28, 2008.**

Based upon the Guidelines at the time of sentencing, Defendant faced a statutory mandatory minimum sentence of 120 months imprisonment. The United States filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) based upon the

Defendant's substantial assistance and recommended a Guideline range of 97 to 121 months.  **Government's Motion for Downward Departure, filed August 25, 2006, at 4.**  The Court sentenced the Defendant to a term of 97 months imprisonment.  **See Judgment in a Criminal Case, filed September 18, 2006.**

Had Amendment 706 been in effect at the time of Defendant's sentencing in August 2006, the Guideline sentence would have been the statutorily required minimum of 120 months imprisonment as required by U.S.S.G. § 5G1.1.  The Fourth Circuit has held that "§ 3553(e) allows for a departure from, not the removal of, a statutorily required minimum sentence.  Thus, despite [Crowder's] contentions to the contrary, he remains subject to a statutorily required minimum sentence."  *United States v. Pillow*, 191 F.3d 403, 404 (4th Cir. 1999).  As a result, the retroactive crack cocaine Amendment 706 has no effect on Defendant's sentence and, therefore, he is not eligible for a reduction of his sentence.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for reconsideration is **ALLOWED**, and having reconsidered the Court's prior Order of May 28, 2008, such ruling is hereby **AFFIRMED.**

3

Signed: August 5, 2008

Lacy H. Thornburg
United States District Judge